IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

JOHN RICHARD JAIMES QUINTERO,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center,
SAMUEL OLSON, ICE Field Office Director;
DAVID J. VENTURELLA, Acting Director, ICE;
MARKWAYNE MULLIN, DHS Secretary; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3333-JWL

**MEMORADNUM AND ORDER TO SHOW CAUSE**

Petitioner has filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 by which he challenges his detention without a second bond hearing. For the reasons set forth below, petitioner shall show cause, by filing a written response on or before **September 25, 2026**, why the petition should not be denied for failure to state a cognizable claim.

On June 3, 2026, in a separate habeas action filed by petitioner, the Court held that petitioner's detention was governed by 8 U.S.C. § 1226(a), which allows for discretionary release on bond; and it ordered the Government to ensure that petitioner received a bond hearing under that statute in immigration court. Petitioner has now filed a new petition, in which he argues that he is entitled to a second bond hearing, based on changed

circumstances since the immigration judge (IJ) denied his request for release on bond in the hearing ordered by the Court. *See* 8 C.F.R. § 1003.19(e) (providing for such a custody redetermination hearing). Petitioner does not allege that the Government has denied his request for such a hearing; rather, he states that he is simultaneously submitting a request for a new hearing in the immigration court. Petitioner states explicitly that he is not challenging his removal order (which he has appealed to the Board of Immigration Appeals) or the IJ's initial bond denial.

Petitioner has not stated a proper claim for habeas relief because he has not shown a violation of federal law with respect to his bond proceedings. Again, his sole claim is that he should be granted a second hearing pursuant to the applicable regulation, but he has not alleged or shown that he has been denied such a hearing in violation of that regulation – rather, he alleges that is submitting such a request to the immigration court. Accordingly, petitioner is ordered to show cause, in a writing filed by **September 25, 2026**, why the petition should not be denied for that reason. If by that time petitioner's request for a second bond hearing has been granted, then his petition would become subject to dismissal as moot, and petitioner should either file an amended petition that states a proper claim for relief or allow the case to be dismissed. If the Government actually denies or fails to act on his request and that act violates federal law, petitioner may file an amended petition based on such a violation. If petitioner does not respond to this order, the Court will deny the petition for failure to state a proper claim.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner shall show cause, by written response filed on or before **September 25, 2026**, why the petition should not be denied for the reasons set forth herein.

IT IS SO ORDERED.

Dated this 9th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge