IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

JOHN RICHARD JAIMES QUINTERO, )
Petitioner, )
v. ) Case No. 26-3333-JWL
MISTY MACKEY, Warden, Midwest Regional Reception Center; )
SAMUEL OLSON, ICE Field Office Director; )
DAVID J. VENTURELLA, Acting Director, ICE; )
MARKWAYNE MULLIN, DHS Secretary; and )
TODD BLANCHE, Attorney General, )
Respondents. )

# MEMORANDUM AND ORDER

Petitioner has filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 by which he challenges his detention without a second bond hearing. For the reasons set forth below, the Court **denies** the petition.[1]

On June 3, 2026, in a separate habeas action filed by petitioner, the Court held that petitioner's detention was governed by 8 U.S.C. § 1226(a), which allows for discretionary release on bond; and it ordered the Government to ensure that petitioner received a bond hearing under that statute in immigration court. Petitioner has now filed a new petition, in which he argues that he is entitled to a second bond hearing, based on changed circumstances (a new release plan) since the immigration judge (IJ) denied his request for

[1] Petitioner's motion for an expedited order (Doc. # 5) is **denied as moot**.

release on bond in the hearing ordered by the Court. *See* 8 C.F.R. § 1003.19(e) (providing for such a custody redetermination hearing). Petitioner does not allege that the Government has denied his request for such a hearing; rather, he states that he is simultaneously submitting a request for a new hearing in the immigration court. Petitioner states explicitly that he is not challenging his removal order (which he has appealed to the Board of Immigration Appeals) or the IJ's initial bond denial.

On September 9, 2026, the Court ordered petitioner to show cause why the petition should not be denied for failure to state a cognizable claim for relief based on a violation of federal law with respect to his bond proceedings. The Court stated: "Again, his sole claim is that he should be granted a second hearing pursuant to the applicable regulation, but he has not alleged or shown that he has been denied such a hearing in violation of that regulation – rather, he alleges that is submitting such a request to the immigration court."

Petitioner has now responded. He insists that he is properly asserting a claim that his prolonged detention under these circumstances (in which he has a new release plan) violates due process. The Court concludes, however, that such a claim must fail because the relief that the Court would consider for such a claim – a bond hearing – is already available to petitioner under the applicable regulations, and petitioner has still not shown that any request for a second hearing has been denied.[2] The Court therefore denies the petition.

---

[2] For that reason, the amended petition proffered by petitioner would be subject to denial as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for an expedited order (Doc. # 5) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 17th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge